THE HONORABLE JUDGE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANETTE HARRISON,<br><br>           Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF WASHINGTON, *et al.*,<br><br>           Defendants. | Case No. 2:22-cv-01811-RAJ<br><br>ORDER DENYING THE MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. # 40. Based on the reasoning below, the Court **DENIES** the Motion.

## I.  BACKGROUND

Plaintiff filed suit on December 22, 2022. Dkt. # 4. She sued the University of Washington and ten individuals. *Id*. The Complaint asserts federal question jurisdiction on the basis of employment discrimination. *Id*. at 3. She alleges that she resigned after nearly fifteen years at the University of Washington, citing inequities in salary and opportunities, among other concerns regarding working conditions and expense reimbursements. Dkt. # 4 at 7.

Plaintiff filed pro se and was granted permission to proceed *in forma pauperis*. Dkt. # 3. On April 10, 2023, an attorney appeared on Plaintiff's behalf. Dkt. # 7. On June

ORDER - 1

7, Plaintiff was unsuccessful in hiring an attorney over the past roughly four months, Dkt. # 40 at 2. Plaintiff next applied for Court-appointed counsel. *Id.*

## II.   DISCUSSION

Plaintiff moves for court-appointed counsel. Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show she has an insufficient grasp of her case or the legal issue involved and an inadequate ability to articulate the factual basis of her claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a pro se litigant may be better served with the assistance of counsel is not the test). Plaintiff has not demonstrated that the merits of her case warrant the provision of counsel at this time.

Neither the facts nor the legal issues involved in plaintiff's employment-based tort and discrimination claims are unusually complex. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (refusing to appoint counsel where plaintiff demonstrated sufficient writing ability and the facts and issues raised were not of substantial complexity). Although plaintiff may find it difficult to articulate her claims, she has not shown that the complexity of the issues involved is sufficient to require appointment of counsel. Plaintiff

ORDER - 2

also offers few facts to suggest her case has merit. Notably absent are facts detailing her discrimination claims, and there are no allegations of a Notice of Right to Sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f). While not dispositive, EEOC evaluations of an employment discrimination claim are considered probative of the merits for purposes of appointment of counsel. *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319-20 (9th Cir.1981); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).

In light of the above, it is within this discretion of this Court to deny Plaintiff's request for appointment of counsel.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the request for appointment of counsel. Dkt. # 40.

DATED this 25th day of October, 2023.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3